UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| MATT STIDHAM, | ) |
|             Petitioner, | ) |
|             v. | ) Case No. 1:22-cv-01268-TWP-TAB |
| RON NEAL, Warden, Indiana State Prison, | ) |
|             Respondent. | ) |

**ORDER GRANTING MOTION TO DISMISS PETITION FOR A WRIT OF HABEAS CORPUS AND GRANTING CERTIFICATE OF APPEALABILITY**

This matter is before the Court on a Motion to Dismiss filed by Respondent Ron Neal, Warden at the Indiana State Prison ("Respondent") (Dkt. 6). In 1993, petitioner Matt Stidham ("Stidham") was convicted of murder, robbery, criminal confinement, battery, and auto theft in Delaware County, Indiana, based on crimes he committed as a minor. His case has received multiple reviews in state court, ultimately concluding with the Indiana Supreme Court reducing his sentence to 88 years under a state appellate rule. Stidham now seeks a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The Respondent argues that the petition must be denied because it is time-barred. For the reasons explained in this Order, Respondent's Motion to Dismiss, is **granted,** and Stidham's Petition for Writ of Habeas Corpus, (Dkt. 1), is **dismissed with prejudice**. In addition, because reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct, the Court issues a certificate of appealability.

## I. BACKGROUND

The Indiana Supreme Court recounted the facts surrounding Stidham's conviction in his direct appeal:

> On the night of February 23, 1991, [Stidham] and several of his friends, including the decedent in this case, drove to the decedent's apartment where they drank

> whiskey and played guitars. They eventually started "trading punches." This evidentially started as horseplay but grew into an angry encounter between [Stidham] and the decedent.
>
> As the fight escalated, the others joined with [Stidham] in beating the decedent. Not only did they beat and kick the decedent, but they also struck him with a wooden club. They then loaded much of the decedent's electronic equipment into his van, gagged him, placed him in the back of the van and drove off. They eventually arrived at a secluded area near the Mississinewa River where the decedent was removed from the van and again beaten and stabbed some forty-seven times before his body was thrown into the river. After visiting with friends, who they told of the killing, [Stidham] and his associates drove into the State of Illinois where they were arrested.

*State v. Stidham* (*Stidham II*), 637 N.E.2d 140, 142 (Ind. 1994).

Stidham was first tried in 1991, but the Indiana Supreme Court reversed his convictions and remanded the case for retrial.[1] *See Stidham v. State* (*Stidham I*), 608 N.E.2d 699 (Ind. 1993). He was re-tried in 1993 and sentenced to an aggregate term of 141 years. (Dkt. 6-1 at 9-10.) On direct appeal, the Indiana Supreme Court vacated Stidham's conviction and three-year sentence for auto theft, while affirming his other convictions and sentences, on July 14, 1994. *Stidham II*, 637 N.E.2d at 144. This reduced Stidham's sentence to 138 years. (Dkt. 6-1 at 11.)

Over the years, Stidham filed and withdrew two petitions for post-conviction relief. He filed the first in 1995 and withdrew it on August 26, 1998. *Id*. at 11-12. He filed the second on June 5, 2008, and withdrew it on February 15, 2013. *Id*. at 13, 15.

In January 2016, the United States Supreme Court decided that its prior decision in *Miller v. Alabama*, 567 U.S. 460 (2012), applied retroactively on collateral review. *Montgomery v. Louisiana*, 577 U.S. 190 (2016). *Miller* had held that mandatory life imprisonment without parole

---

[1] At the time of the crime, Stidham was seventeen years of age. The admission at trial of his mirandized statement, made without a parent or guardian being present was error. (The introduction in evidence of a statement made by a person under eighteen years of age is forbidden by statute, Ind. Code § 31-6-7-3, unless counsel representing the child, or the child's custodial parent, guardian, or guardian *ad litem* is present and the child's representative and the child waive his right to remain silent. *Stidham I*, at 700. The case was remanded for a new trial.

2

for juvenile offenders violated the Eighth Amendment. On February 10, 2016, Stidham filed a third petition for post-conviction relief, this time relying on *Miller* and *Montgomery*. (Dkt. 6-4 at 2.) The trial court granted the petition on January 3, 2017. *Id*. The State appealed, and the appellate court reversed the trial court. *Stidham v. State* (*Stidham III*), 110 N.E.3d 410, 421 (Ind. Ct. App. 2018). However, the Indiana Supreme Court granted transfer, ruled that Stidham's sentence maximum term-of-years sentence imposed for crimes he committed as a juvenile was inappropriate under Indiana Appellate Rule 7(B), and reduced the sentence to a term of 88 years.[2] *Stidham v. State* (*Stidham IV*), 157 N.E.3d 1185, 1197-98 (Ind. 2020). In particular, the Indiana Supreme Court stated "Appellate Rule 7(B) provides the standard by which we exercise our constitutional authority to review and revise sentences" and, "Our review of the nature of Stidham's offenses and his character shows that Stidham's 138-year sentence is inappropriate." (Dkt. 6-8 at 7.)

Stidham's motion for rehearing was denied on January 12, 2021. (Dkt. 6-7 at 4.) On March 16, 2021, the trial court issued an updated sentencing judgment consistent with the Indiana Supreme Court's remand. (Dkt. 6-1 at 26.) Stidham filed a notice of appeal from the updated judgment, but the appellate court dismissed the appeal as improper. (Dkt. 6-9 at 2; Dkt. 6-10 at 1.)

---

[2] The Indiana Supreme Court had previously indicated that it was improper to apply Appellate Rule 7(B) *sua sponte*. *Kimbrough v. State*, 979 N.E.2d 625, 630 (Ind. 2012) ("Kimbrough [did not request 7(B) review] and therefore there was no issue in this regard to be considered by a reviewing court."). Stidham requested Appellate Rule 7(B) review on direct appeal and the Indiana Supreme Court held that his sentence was not manifestly unreasonable. *Stidham II*, 637 N.E.2d at 144. Although Stidham did not explicitly seek Appellate Rule 7(B) review on post-conviction appeal, the Indiana Supreme Court held that his reliance on their prior decisions reducing sentences for juvenile offenders under the rule invited the Court to revisit its prior ruling. *Stidham IV*, 157 N.E.3d at 1185 ("[I]n consistently invoking this Court's precedent in which we have exercised our authority under the Indiana Constitution and Indiana Appellate Rule 7(B) to review and revise inappropriate sentences, he also raises a challenge to the appropriateness of his sentence."). The Indiana Supreme Court found that it was proper to revisit its prior 7(B) review because of changes in the law since Stidham's direct appeal. The Appellate Rule 7(B) standard had changed from "manifestly unreasonable" to "inappropriate" and the Supreme Court had issued several opinions limiting "when juveniles could be sentenced to the harshest punishments." *Id*. at 1192-93.

Stidham filed a petition to transfer, but the Indiana Supreme Court denied transfer on June 24, 2021. *Stidham v. State,* 21A-CR-634 (Ind. May 13, 2021). Stidham did not file a petition for writ of certiorari in the United States Supreme Court. (Dkt. 7 at 7.) On June 24, 2022, Stidham filed the instant petition for a writ of habeas corpus. (Dkt. 1.)

## II. APPLICABLE LAW

A federal court may grant habeas relief only if the petitioner demonstrates that he is in custody "in violation of the Constitution or laws . . . of the United States." 28 U.S.C. § 2254(a) (1996). In an attempt to "curb delays, to prevent 'retrials' on federal habeas, and to give effect to state convictions to the extent possible under law," Congress, as part of Antiterrorism and Effective Death Penalty Act, revised several statutes governing federal habeas relief. *Williams v. Taylor*, 529 U.S. 362, 404 (2000). "Under 28 U.S.C. § 2244(d)(1)(A), a state prisoner seeking federal habeas relief has just one year after his conviction becomes final in state court to file his federal petition." *Gladney v. Pollard*, 799 F.3d 889, 894 (7th Cir. 2015). "The one-year clock is stopped, however, during the time the petitioner's 'properly filed' application for state postconviction relief 'is pending.'" *Day v. McDonough*, 547 U.S. 198, 201 (2006) (quoting 28 U.S.C. § 2244(d)(2)).

## III. DISCUSSION

The parties do not dispute that Stidham's original one-year limitations period expired before he filed his final petition for post-conviction relief in state court in 2016. Instead, Stidham contends that a new one-year period began when the review of his appeal of his 88-year sentence ended, 90-days after the Indiana Supreme Court denied his petition to transfer on June 24, 2021. (Dkt. 1 at 7.) The Respondent argues that the Indiana Supreme Court's decision did not restart Stidham's federal habeas clock, and even if it did, he still filed his petition beyond the new one-year time limit which would have started on the date the trial court reduced his sentence in compliance with the Indiana Supreme Court's mandate. (Dkt. 6 at 8.)

Under the circumstances in this case, whether the state trial court's issuance of a sentence of 88 years in compliance with the Indiana Supreme Court's order to do so constitutes a new judgment restarting the one-year statute of limitations is a complicated question. In *Magwood v. Patterson*, 561 U.S. 320 (2010), the Supreme Court held that Magwood's resentencing started a new one-year limitations period to seek federal habeas review, and thus his federal petition challenging his new sentence was neither successive nor time-barred. But in that case, Magwood received a new sentence after a federal court found that his death sentence violated the Constitution and remanded to the state court to either release or resentence him. Here, the Indiana Supreme Court applied a discretionary state appellate rule to find that Stidham's sentence was inappropriate. The court did not remand for the trial court to determine an appropriate sentence. Instead, it mandated that Stidham's sentence be reduced to 88 years. The trial court had no discretion when it changed Stidham's sentence from 138 years to 88 years. *See Palmer v. State*, 679 N.E.2d 887, 892-93 (Ind. 1997) ("the trial court is bound to follow the mandate of the appellate court").

Similarly, in *White v. United States*, 745 F.3d 834, 836 (7th Cir. 2014), the Seventh Circuit held that a reduction of a federal sentence pursuant to 18 U.S.C. § 3582(c) did not reset the clock or count for federal habeas review because the sentencing judge had no discretion to revisit the sentence as a whole. Instead, the judge could only change the one revised sentencing guideline and leave all other considerations and guideline calculations the same.[3]

The parties dispute whether Stidham's reduced sentence is more like the sentence in *Magwood* or *White*. This Court ultimately does not need to resolve this question, because even if Stidham's new sentence restarted the clock, he did not file his federal habeas petition within one

---

[3] Although not dispositive here, the Court notes that Indiana courts have held that a sentence modification under Indiana Appellate Rule 7(B) does not restart the 1-year clock for sentence modifications under state law. *Hawkins v. State*, 951 N.E.2d 597, 600 (Ind. App. Ct. 2011).

year of his new sentence becoming final. This is because the sentence was not appealable in state court. When he attempted to appeal the sentence, the Indiana Court of Appeals dismissed the appeal with prejudice because, under Indiana Appellate Rule 5, the Court of Appeals has no jurisdiction to review a decision of the Indiana Supreme Court. (Dkt. 6-10.)

Stidham argues that the Indiana Constitution provides for "an absolute right to one appeal and to the extent provided by rule, review and revision of sentences for defendants in all criminal cases." (Dkt. 7 at 7, quoting Ind. Const. art. 7, § 6.) But Stidham had a direct appeal of his sentence. He also had state post-conviction review which resulted in Indiana Supreme Court's revision of his sentence pursuant to Indiana Appellate Rule 7(B).

Stidham also argues that his appeal of his new sentence was "utterly routine." *Id*. But he points to no other case where a prisoner was permitted to appeal a sentence after the Indiana State Court revised it under Indiana Appellate Rule 7(B), and this Court's research has turned up none. On the contrary, on February 24, 2021, the Indiana Court of Appeals dismissed *sua sponte* an appeal after the Indiana Supreme Court revised the defendant's sentence under Indiana Appellate Rule 7(B). *Wilson v. State*, No. 21-A-CR-304 (Ind. Ct. App. February 24, 2021) ("Decisions and rulings by the Indiana Supreme Court cannot be appealed in this Court. *See* Ind. Appellate Rule 5."); *Wilson v. State*, 157 N.E.3d 1163 (Ind. Sup. Ct. 2020) (reducing juvenile offender's 181-year sentence to 100 years under Indiana Appellate Rule 7(B)). Notably, counsel for the defendant in *Wilson* also serves as counsel for Stidham both here and in state post-conviction review.

Whether Stidham could appeal his new sentence in state court is a question of state appellate rules, and this Court defers to the state court's interpretation of its own rules. *See Bradshaw v. Richey*, 546 U.S. 74, 76 (2005) ("We have repeatedly held that a state court's interpretation of state law . . . binds a federal court sitting in habeas corpus."); *cf. Isley v. Arizona*

6

*Dep't of Corr.*, 383 F.3d 1054, 1055 (9th Cir. 2004) (conviction became final on date petitioner entered no contest plea, because he waived any right to appeal under state law).

However, state law does not determine whether a defendant may seek certiorari review in the United States Supreme Court. At least one circuit has held that, where state law provides no avenue for appeal from a judgment of conviction, the conviction becomes final after the 90-day deadline for filing a timely petition for writ of certiorari. *Wallace v. Mississippi*, 43 F.4th 482, 498 (5th Cir. 2022) ("[T]he 90-day period for seeking a writ of certiorari from the Court was available to [petitioner] and was triggered when the judgment was filed after sentencing."). Applying this rule, Stidham's conviction became final on June 14, 2021, 90 days after his revised sentence was entered by the state trial court. Therefore, Stidham had—at the very latest—until June 14, 2022, to file a timely federal habeas petition. He did not file his petition until June 24, 2022.

Stidham makes no argument that he is entitled to equitable tolling of any portion of his one-year limitations period, and the Court discerns no basis for equitable tolling in the record. *See Socha v. Boughton*, 763 F.3d 674, 684 (7th Cir. 2015) ("[T]olling is rare; it is reserved for extraordinary circumstances far beyond the litigant's control that prevented timely filing.") (cleaned up).

## IV.   CONCLUSION

Stidham brought his federal habeas petition beyond the one-year limitations period and has not shown the existence of circumstances permitting him to overcome the expiration of that period. The Respondent's Motion to Dismiss, Dkt. [6], is therefore **GRANTED** and the Petition for Writ of Habeas Corpus, Dkt. [1], is **DISMISSED with prejudice**. *Pavlovsky v. VanNatta*, 431 F.3d 1063, 1064 (7th Cir. 2005) ("[t]he dismissal of a suit as untimely is a dismissal on the merits, and so should ordinarily be made with prejudice"). Judgment consistent with this Order shall now issue in a separate document.

## V. CERTIFICATE OF APPEALABILITY

"A state prisoner whose petition for a writ of habeas corpus is denied by a federal district court does not enjoy an absolute right to appeal." *Buck v. Davis*, 137 S. Ct. 759, 773 (2017). Instead, a state prisoner must first obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). "A certificate of appealability may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right.'" 28 U.S.C. § 2253(c)(2).

Where a claim is resolved on procedural grounds (such as untimeliness), a certificate of appealability should issue only if reasonable jurists could disagree about the merits of the underlying constitutional claim *and* about whether the procedural ruling was correct. *Flores-Ramirez v. Foster*, 811 F.3d 861, 865 (7th Cir. 2016) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)). Rule 11(a) of the Rules Governing Section 2254 Proceedings in the United States District Courts requires the district court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." In this case, the question of when Stidham's conviction and sentence became final is an unusually difficult one. And if his petition were considered on the merits, jurists of reason could disagree about whether Stidham's 88-year sentence is constitutional. The Court therefore **grants** a certificate of appealability.

**SO ORDERED**.

Date:   3/13/2023

Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Michael K. Ausbrook
mausbrook@gmail.com

Andrew A. Kobe
INDIANA ATTORNEY GENERAL'S OFFICE
andrew.kobe@atg.in.gov

8